IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WESLEY JOHNSON, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:09-CV-7-CDL-GMF |
| | | 42 U.S.C. § 1983 |
| RALPH JOHNSON, *et al.*, | * | |
| Defendants. | | |

### **REPORT AND RECOMMENDATION**

Plaintiff has filed a Section 1983 action against the Defendants, along with a motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(g), the three strikes provision, however, a prisoner who has filed three or more complaints that have been dismissed as frivolous or malicious or for failure to state a claim, is barred from filing a complaint *in forma pauperis,* unless the prisoner is "under imminent danger of serious physical injury."

After reviewing the filing record of Plaintiff, it appears that three civil cases filed in this court by the Plaintiff were properly dismissed as frivolous. More specifically, case numbers 4:07-cv-48, 4:07-cv-51 and 4:08-cv-172 were each dismissed because the Court found them to be legally frivolous. Plaintiff's present action, therefore, is clearly barred from being prosecuted *in forma pauperis* pursuant to the "three strikes" provision of the PLRA, 28 U.S.C. §1915(g); F.R.C.P. 12(b)(6). As such, unless the Plaintiff is in imminent danger of serious physical injury, his case may not proceed.

The Eleventh Circuit has held that to meet the "imminent danger" exception to the

three strikes provision, the Plaintiff's complaint must contain *current* allegations of the imminent danger of serious physical harm. *See Medberry v. Butler,* 185 F.3d 1189, 1192-93 (11th Cir. 1999).  The allegations in the Plaintiff's complaint appear to pertain to his current incarceration for failing to register for a second and third time as a sex offender.  (R-1, p. 4, 6).  He contends he has lost his belongings because he was arrested again and claims that the punishment for failing to register as a sex offender is grossly disproportionate. *Id.* Ultimately, Plaintiff has failed to allege that he was, at the time his complaint was filed, in imminent danger of serious physical injury.  Therefore, Plaintiff's case does not meet the exception to the three strikes rule as found in 28 U.S.C. § 1915(g).

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied and that the complaint be dismissed.[1]  Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge, within TEN (10) DAYS after being served a copy of this order.

**SO RECOMMENDED**, this 17th Day of March, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw

---

[1] The Eleventh Circuit has ruled that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).